DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Harry McNamara, et al., ) | |
| ) | CASE NO. 5:09 CV 00523 |
| Plaintiffs, ) | |
| ) | |
| v. ) | MEMORANDUM OPINION AND |
| ) | ORDER |
| The City of Rittman, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## I. INTRODUCTION

Before the Court is defendant The City of Rittman's ("Rittman") motion for judgment on the pleadings (ECF 17), plaintiffs' opposition (ECF 18), and Rittman's reply (ECF 20). For the reasons discussed below, Rittman's motion for judgment on the pleadings is DENIED.

## II. FACTS

Plaintiffs are real property owners in areas of Wayne County outside the municipal corporate boundaries of the City of Rittman, Ohio, with private water wells to serve their domestic needs. ECF 1. In 1980, Rittman began pumping water from three wells drilled in a tract of land located approximately one quarter mile west-southwest of the Village of Sterling in Wayne County. ECF 1, ¶¶ 1, 10. Plaintiffs allege that, as a result of Rittman's pumping of groundwater, plaintiffs suffer ongoing takings of their property (groundwater). Plaintiffs seek monetary damages for ongoing violations of their constitutionally protected interest in the groundwater. ECF 1, p.12.

(5:09 CV 523)

## III. PROCEDURAL HISTORY

The case has a significant procedural history. *See McNamara v. City of Rittman*, 125 Ohio App.3d 33, 707 N.E.2d 967 (Ohio Ct.App. 1998) (summary judgment affirmed where city has sovereign immunity from private citizen plaintiffs' claims for injunctive relief and damages for unreasonable dewatering and where claim is filed beyond statute of limitations) and *McNamara v. City of Rittman*, 107 Ohio St.3d 243, 838 N.E.2d 640 (Ohio 2005) (Ohio landowners have a property interest in the groundwater underlying their land and governmental interference can constitute an unconstitutional taking).

In addition, the holdings in a third McNamara case, *McNamara v. City of Rittman*, 473 F.3d 633 (6th Cir. 2007) are pertinent to this Court's decision. In case, the Court found that constitutional takings claims are not ripe for federal review until state compensation procedures have been exhausted,[1] unless no such state procedures exist. Where no state procedure exists, such takings claims are immediately ripe for federal review and must be filed within a two-year limitations period. *McNamara,* 473 F.3d at 637-640. The Court found that violations prior to the Court's announcement in *Levin v. City of Sheffield Lake*, 70 Ohio St.3d 104, 637 N.E.2d 319 (Ohio 1994) (Ohio's mandamus action was the state compensation procedure) were immediately ripe for federal review and had to be filed within the two year statute of limitations. Finding that plaintiffs knew of their injury upon filing their state-court complaint in 1994, the Court held that

---

[1]*Williamson County Regional Planning Commission v. Hamilton Bank*, 473 U.S. 172 (1985).

(5:09 CV 523)

filing in federal court in 2000 was past the statute of limitations and the actions were time-barred. *McNamara* at 638-39.

The Court then considered the "continuing violation" doctrine, noting that a law allowing continuing violations is not immune from legal challenge merely because it was not challenged within two years of enactment. *Id.* at 639. It declined to consider continuing violations, however, since plaintiffs did not properly raise them and because, pursuant to the recognition of adequate state compensation procedure in *Levin*, the claims were not ripe for federal review. *Id.* at 639-40.

Having been denied relief using the state compensation procedure, plaintiffs return to this Court for determination of the continuing violation issue. Defendant claims entitlement to judgment on the pleadings asserting that all of plaintiffs' claims have been decided by other courts.

## IV. LAW AND ANALYSIS

A.  Law of Judgment on the Pleadings

Rule 12(c) of the Fed.R.Civ.P. governs motions for judgment on the pleadings and provides, in relevant part, "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings . . . ." Fed.R.Civ.P. 12(c). The Court of Appeals reviews a grant of judgment on the pleadings *de novo. Monroe Retail, Inc. v. RBS Citizens, N.A.*, 589 F.3d 274, 279 (6th Cir. 2009). A party is entitled to judgment on the pleadings when "all well-pleaded material allegations of the pleadings of the opposing party [are] taken as true, and . . . the moving party is nevertheless clearly entitled to judgment." *Id*. (*quoting JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir.2007)) (internal citations

(5:09 CV 523)

omitted). A Rule 12(c) motion "is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *JPMorgan Chase Bank, N.A.* at 581.

The "standard of review for a judgment on the pleadings is the same as that for a motion to dismiss under Federal Rule of Procedure 12(b)(6)." *Monroe* at 279. Plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. The factual allegations in the complaint must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Whittiker v. Deutsche Bank Nat. Trust Co.*, 605 F.Supp.2d 914, 924 (N.D. Ohio 2008) (*citing Association of Cleveland Fire Fighters, et al. v. City of Cleveland, Ohio, et al.*, 502 F.3d 545, 548 (6th Cir. 2007)); *Bell Atlantic Corp., et al. v. Twombly, et al.*, 550 U.S. 544, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007).

B.     Takings under the Fifth and Fourteenth Amendment to the United States Constitution, 42 U.S.C. § 1983 and the Continuing Violations Doctrine

The Takings Clause of the Fifth Amendment, made applicable to the States through the Fourteenth, provides that private property shall not be taken for public use without just compensation. *Lingle v. Chevron U.S.A. Inc.*, 544 U.S. 528, 536 (2005) (internal citations omitted). The Takings Clause does not prohibit the taking of private property, but instead places a condition on the exercise of that power. It is designed not to limit governmental interference with property rights per se, but rather to secure compensation in the event of otherwise proper interference amounting to a taking. *Id.* at 536-37. (internal citations omitted). To state a claim

(5:09 CV 523)

for a taking under the Fifth and Fourteenth amendment, therefore, plaintiffs must allege that their private property was taken for public use without just compensation.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the defendant (1) acted under color of state law to (2) deprive plaintiff of a right secured by the Constitution or a federal statute. *Beamer v. Board of Crawford Tp. Trustees*, No. 2-09-cv-213 at *4 (S.D. Ohio January 20, 2010) (*citing Cassidy v. Tackett,* 938 F.2d 693, 695 (6th Cir. 1991)).

To allege a continuing violation, plaintiffs must claim that there is an infliction of continuing and accumulating harm. *Painesville Mini Storage, Inc. v. Painesville,* No. 2008-L-092, at * 4 (Ohio App. 11th. Dist. July 24, 2009) (*citing McNamara v. City of Rittman*, 473 F.3d 633, 639 (6th Cir. 2007)); *Kuhnle Bros. v. Cty of Geauga,* 103 F.3d 518, 520 (6th Cir. 1997).

C.  Analysis

Rittman argues that plaintiffs' claims should be dismissed as they have all been decided against plaintiffs in state and federal courts. Rittman assert, therefore, that the doctrines of stare decisis, res judicata and collateral estoppel bar plaintiffs from "relitigating" their claims.[2]

Plaintiffs maintain that the issue of continuing violations has not been addressed and is now ripe for this Court's review.

This Court agrees with the plaintiffs' position.

---

[2]Plaintiff's claims in this case, however, are limited to continuing violations. They are unique claims not previously raised or previously litigated. Therefore, the Court declines to perform analyses of the inapplicability stare decisis, res judicata and collateral estoppel.

(5:09 CV 523)

Plaintiffs claim that they have suffered a taking of their private water at the hands of the city's pumps and wells and demand damages.[3] Thus, they have properly asserted a private taking for a public use. *Lingle v. Chevron U.S.A. Inc.*, 544 U.S. at 536. As their action is against a municipality, they have also properly asserted that the alleged taking of a constitutionally protected right was done by a defendant acting under color of state law. *Beamer v. Board of Crawford Twp. Trustees*, No. 2-09-cv-213 at *4. Plaintiffs claim, further, that the pumping of groundwater has been ongoing and continuous since 1980 and continues to the present.[4] They have, therefore, plead that the city has inflicted a continuing and accumulating harm. This satisfies the elements that must be plead under the continuing violations doctrine. *Painesville Mini Storage* at *4, *McNamara* at 639.

*Monroe Retail, Inc.* instructs that, in considering a defendant's motion for judgment on the pleadings, the Court must take plaintiffs' allegations as true and consider them in a light most favorable to plaintiffs. The Court has done so here and finds that plaintiffs have properly plead their cause of action for continuing violations. *Id.* at 279. The Court finds further that plaintiffs have plead their right to relief against Rittman above the speculative level. *Whittiker v. Deutsche Bank Nat. Trust Co.*, at 924. Having found that plaintiffs have properly plead their cause of action, Rittman's motion for judgment on the pleadings is denied.

---

[3]ECF 1, p. 14.

[4]ECF 1, ¶¶ 17-18.

(5:09 CV 523)

## V. CONCLUSION

For the foregoing reasons, this Court DENIES defendant's motion for judgment on the pleadings. This case will proceed as previously ordered. See ECF 19.

IT IS SO ORDERED.

| | |
|---|---|
| February 23, 2010 | *s/ David D. Dowd, Jr.* |
| Date | David D. Dowd, Jr. |
| | U.S. District Judge |